# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOAN MANUEL NEGRON OYOLA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N19C-02-200 JRJ |
| 21st CENTURY CENTENNIAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: June 15, 2020
Date Decided: July 28, 2020

*Upon Defendant 21st Century Centennial Insurance Company's
Motion for Summary Judgment*: **GRANTED.**

Katherine Hemming, Esquire and William R. Stewart, III, Esquire, Weik, Nitsche & Dougherty, LLC, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware 19899, Attorneys for Plaintiff.

Tracy A. Burleigh, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, 1007 N. Orange Street, Suite 600, Wilmington, Delaware 19801, Attorney for Defendant.

**Jurden, P.J.**

# I. INTRODUCTION

This matter involves an insurance coverage dispute between Plaintiff Joan Oyola and his insurer, 21st Century Centennial Insurance Company ("21[st] Century") relating to Personal Injury Protection ("PIP") benefits. Oyola alleges 21st Century breached the insurance policy agreement (the "Policy") in bad faith.[1] 21st Century moves for summary judgment, arguing that because Oyola failed to satisfy a condition precedent under the Policy, he cannot establish that 21st Century breached the Policy.[2] For the reasons set forth below, 21st Century's Motion for Summary Judgment is **GRANTED**.

## II. BACKGROUND

### A. The Policy

Oyola was involved in a motor vehicle accident in which he sustained injuries to his neck, right shoulder, and back on January 14, 2016.[3] At the time of the accident, Oyola was insured under the Policy, which included PIP benefits pursuant

---

[1] Compl. ¶¶ 10–11 (Trans. ID. 62994982).
[2] Defendant's Motion for Summary Judgment ("Def. Mot. Summ. J") ¶¶ 10–15 (Trans. ID. 65608319); Defendant's Reply in Support of its Motion for Summary Judgment ("Def. Reply"), (Trans. ID. 65700724).
[3] Compl. ¶ 4.

to 21 *Del. C.* § 2118.[4]   Following the accident, Oyola submitted an application for PIP benefits and provided an executed medical authorization form to 21st Century.[5]

**B.  21st Century Schedules Oyola For A Medical Examination**

On September 8, 2016, 21st Century notified Oyola through his counsel that he was required to attend a medical examination ("ME") scheduled for September 26, 2016.[6]   The letter expressly stated that Oyola's "[f]ailure . . . to attend this [ME] may constitute a breach of the [Policy] and could possibly result in no further coverage for the loss."[7]   Oyola failed to attend the scheduled ME and provided no justification for his failure to attend.[8]   21st Century rescheduled the ME for November 21, 2016 and warned Oyola through his counsel that:

> [Oyola's] failure to attend this second [ME] may constitute a material breach of the terms and conditions of [the Policy]. Further, an unreasonable failure to submit to this Second [ME] may relieve [21st Century] of any obligation to pay PIP benefits . . . .[9]

---

[4] Def. Mot. Summ. J., Ex. C. ("Policy") at 3.  The General Duties of the Policy require Oyola "to cooperate with [21st Century] in the investigation, settlement, and defense of any claim or lawsuit" and "submit . . . [t]o physical exams by physicians [21st Century] select[s] . . . ."  In addition, under Personal Injury Protection Coverage, 21st Century reserves the right to review Oyola's medical expenses and determine whether such medical expenses are reasonable and necessary by requiring Oyola to submit to a physical exam by a physician selected by 21st Century.  *See id.* at 6.

[5] *Id.*, Ex. E.

[6] *Id.*, Ex. G.  By letter dated September 14, 2016, Oyola's counsel notified Oyola of the time and location of the ME.  *See id.*, Ex. H.

[7] *Id.*, Ex. G.

[8] *Id.*, Ex. I.

[9] Def. Mot. Summ. J., Ex. J.   Again, Oyola's counsel notified Oyola, via letter, of the time and location of the ME.  *See id.*, Ex. K.

Once again, Oyola failed to appear for the scheduled ME and provided no justification for his absence.[10] On December 2, 2016, 21st Century contacted Oyola's counsel to discuss Oyola's failure to attend the two MEs.[11] On December 30, 2016, after receiving no response from Oyola's counsel, 21st Century informed Oyola that because he failed to attend the MEs, no further PIP payments would be paid.[12]

## III. PARTIES' CONTENTIONS

21st Century argues that by failing to appear for the two MEs, Oyola breached a condition precedent set forth in the Policy, and thus, 21st Century cannot have breached the Policy.[13]

In response, Oyola's current counsel states that because he was not Oyola's counsel at the time Oyola failed to show for the MEs, he cannot explain the reasons Oyola failed to attend them.[14] He argues that this Motion is premature and Oyola's deposition should be taken to determine whether Oyola had a "reasonable excuse" for failing to attend the MEs.[15]

## IV. DISCUSSION

---

[10] *Id.*, Ex. M.

[11] *Id.*, Ex. N.

[12] *Id.*, Ex. O.

[13] Def. Mot. Summ. J. ¶ 15. *See* Policy at 3 ("Anyone seeking coverage under this policy must . . . [s]ubmit as often as *we* reasonably require, at *our* expense . . . to physical exams by physicians we select.").

[14] Plaintiff's Response to Motion for Summary Judgment ("Pl. Resp.") ¶¶ 5–6 (Trans. ID. 65682663).

[15] *Id.* ¶ 6.

## A. Standard of Review

On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party and determines whether a genuine issue of material fact exists.[16] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[17] If the record reveals that there is a material fact in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the facts of the case, then summary judgment must be denied.[18]

## B. Oyola Cannot Establish 21st Century Breached The Policy

Under Delaware law,

> In order for an insured to establish the contractual liability of an insurer for an alleged breach of an insurance agreement, he must show that (1) there was a valid contract of insurance in force at the time of the loss, (2) the insured has complied with all conditions precedent to the insurer's obligation to make payment, and (3) the insurer has failed to make payment as required under the policy.[19]

"Not every refusal to pay a claim will constitute a breach of contract by the insurer."[20] Absent waiver or estoppel, an insurer is entitled to assert the affirmative defense of substantial non-performance of a condition required under the policy.[21]

---

[16] *Marrero v. State Farm Fire & Cas. Co.*, 2015 WL 5440513, at *2 (Del. Super. Ct. Sept. 14, 2015) (quotations omitted) (citation omitted).
[17] Super. Ct. Civ. R. 56(c).
[18] *Marrero*, 2015 WL 5440513, at *2 (citation omitted).
[19] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 365 (Del. Super. Ct. 1982).
[20] *Id.* (citing *Lawton v. Great Southwest Fire Ins. Co.*, 392 A.2d 576 (N.H. 1978)).
[21] *Id.* (citing *Bacon v. Am. Ins. Co.*, 330 A.2d 389 (N.J. Super. Ct. Law Div.1974), *aff'd*, 351 A.2d 771 (N.J. Super. Ct. App. Div. 1976)).

As the Court stated in *State Farm Fire & Casualty Co. v. Purcell*:

> An insurance policy contract includes an implied covenant of good faith and fair dealing, which parties are liable for breaching 'when their conduct frustrates the overarching purpose of the contract . . . .' This covenant includes a duty to promptly investigate and pay claims. On the other hand, an insured must also comply with conditions precedent set forth in the policy by the insurer in order to establish contractual liability for breach of contract.[22]

Submission to an ME is a permissible condition precedent in an insurance policy.[23]

Under Delaware law, where an insured receives adequate notice of a medical examination scheduled by its insurer, the notice warns the insured that failure to submit to the examination may constitute a breach of the insurance policy, and the insured fails to comply, the insurer may not be obligated to pay benefits.[24]

In *Vanartsdalen v. Farm Family Casualty Ins. Co.*, the Court granted a motion for summary judgment in favor of the insurer because the insured failed to attend two MEs after receiving notice that failure to attend would result in a material breach

---

[22] 2013 WL 3354578, at *2 (Del. Super. Ct. Apr. 29, 2013) (first quoting *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005), then citing *Rhone-Poulenc Basic Chem. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1198 (Del. 1992)).

[23] *See Vanartsdalen v. Farm Family Cas. Ins. Co.*, 2017 WL 1040721 (Del. Super. Ct. Mar. 13, 2017); *Carriere v. Penninsula Indem. Co.*, 2000 WL 973134 (Del. Super. Ct. June 12, 2000); *Casson*, 455 A.2d 361 (Del. Super. Ct. 1982).

[24] *See Vanartsdalen*, 2017 WL 1040721, at *2 (finding insurer could rely on affirmative defense that insured failed to attend medical examination and comply with condition precedent in the policy where insurer notified insured that its non-compliance was the basis of terminating benefits); *but cf. Carriere*, 2000 WL 973134, at *3 (finding insurer could not raise defense that insured failed to fulfill condition precedent under the policy in breach of contract claim where insurer failed to notify insured that its failure to attend its medical examination was the basis for insurer's denial of coverage).

of the insurance policy and termination of PIP benefits.[25]  There, the Court held "[the insured] cannot establish [the insurer's] contractual liability for a breach of contract due to [the insured's] failure to comply with a condition precedent in the policy."[26]

Here, the Policy required Oyola to cooperate with 21st Century and attend any scheduled medical examinations with respect to his PIP claim.[27]  Therefore, the issue before the Court is whether, viewing the undisputed material facts in the light most favorable to Oyola, Oyola complied with all conditions precedent in the Policy.

21st Century sent notice of the scheduled MEs to Oyola and warned that failure to attend the MEs may be a material breach of the Policy.[28]  It is undisputed that Oyola received notices for both MEs.[29]  Despite 21st Century's adequate notice, Oyola failed to attend not only the first ME but the second as well.[30]  The record does not reflect that Oyola provided 21st Century with any justification or explanation for his failure to attend the MEs.[31]  And now, Oyola argues that his deposition should be taken to determine whether he had a "reasonable excuse" for his lack of attendance.[32]  Oyola cites no legal authority in support of this argument.[33]

---

[25] *Id.*

[26] *Id.*

[27] Policy at 3, 6.

[28] *See* Def. Mot. Summ. J., Exs. G, J.

[29] *See* Pl. Resp. ¶ 7.

[30] Def. Mot. Summ. J., Exs. I, M.

[31] Def. Reply ¶ 3.

[32] Pl. Resp. ¶ 6.  The Court finds this response curious, and notes Oyola did not provide an affidavit in response to the summary judgment motion.

[33] *See id.*

The record demonstrates Oyola was on notice that failure to cooperate with 21st Century and attend the MEs could result in a termination of PIP benefits. Prior to terminating those benefits, 21st Century attempted to contact Oyola through his counsel to discuss the missed MEs.[34] If Oyola had a "reasonable excuse," he could have (and should have) provided one after he missed the first or second ME, or at the time 21st Century reached out to his counsel following his failure to attend the two MEs.

In order to establish 21st Century breached the Policy, Oyola must show he complied with all conditions precedent set forth in the Policy. Because the undisputed facts establish Oyola did not comply with a condition precedent, he cannot meet his burden of establishing a breach of the Policy by 21st Century. Based on the undisputed facts, 21st Century is not contractually obligated to provide PIP benefits, and 21st Century is entitled to summary judgment.

### C. Oyola Cannot Establish A Bad Faith Claim Against 21st Century

In order to establish a bad faith claim against an insurer, an insured must prove that the insurer denied benefits "without any reasonable justification."[35] Here, 21st Century expressly warned Oyola after he missed the first ME with no explanation that failure to attend the second ME "may constitute a material breach of the terms

---

[34] Def. Mot. Summ. J. ¶ 9, Ex. N.
[35] *See McDuffy v. Koval*, 226 F. Supp 541, 546 (D. Del. 2002) (citing *Casson*, 445 A.2d at 369).

and conditions of [the Policy]" and "an unreasonable failure to submit to [the second ME] may relieve [21st Century] of any obligation to pay [Oyola's] PIP benefits . . . ."[36] Oyola ignored this warning. 21st Century's justification for terminating Oyola's PIP benefits is reasonable, and therefore, Oyola cannot establish bad faith.

## V. CONCLUSION

Viewing the record in the light most favorable to Oyola, the Court finds Oyola cannot establish 21st Century breached the Policy. In addition, Oyola cannot establish a bad faith claim against 21st Century. Therefore, Defendant 21st Century Centennial Insurance Company is entitled to judgment as a matter of law and its Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

cc: Prothonotary

---

[36] Def. Mot. Summ. J., Ex. J.